■ In the Matter of PAUL PENDER, Respondent-Appellant, v. MELVIN L. KRULEWITCH et al., Constituting the State Athletic Commission, Appellants-Respondents.— Order, entered on January 16, 1963, directing a trial of the issues of fact, unanimously reversed, on the law and on the facts, without costs,

the determination of the State Athletic Commission of the State of New York annulled and the cause remanded to the commission for its finding as to the disposition of the challenge conveyed to petitioner on or about October 4, 1962. Section 218.1 of the Rules of the State Athletic Commission (19 N Y C R R 218.1) requires a boxer holding a championship title to defend his title against a suitable contender within a period of six months after winning or after last defending it. After said period it enables any boxer in the same class, who is considered by the commission to be a suitable contender, to forward a challenge to the commission with a deposit of $2,000 (middleweight). Section 218.2 (19 N Y C R R 218.2) thereof authorizes the commission to forward the challenge to the champion and then announce the challenge at the office of the commission. Thereafter such champion must, within 20 days after such announcement, enter into articles of agreement to defend his championship title against the contender. The commission by notice dated November 9, 1962 informed petitioner that he had failed to defend his title for the past seven months and that by reason thereof the commission had decided to withdraw recognition of petitioner as middleweight champion. The notice which is the determination herein makes no mention of any refusal on the part of petitioner to act with regard to the challenge conveyed through the commission to petitioner under date of October 4, 1962. The commission having forwarded the challenge under date of October 4, 1962 could not under its rules withdraw its recognition unless the petitioner failed or refused to enter into articles of agreement with the challenger. Respondents made no finding to this effect nor does the record indicate that any such failure was due to petitioner's fault. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.